Evelyn Montgomery, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 21, 1980, before Judges MEN-
CER, CRAIG and PALLADINO, sitting as a panel of three.

*Lucinda A. Bush,* for petitioner.

*Edward P. Carey,* Assistant Attorney General,
with him *Carol A. Genduso,* Assistant Attorney Gen-
eral, for respondent.

OPINION BY JUDGE PALLADINO, February 23, 1981:
Petitioner appeals from an order of the Hearing
and Appeals Unit of the Department of Public Wel-
fare (DPW) which denied food stamps for the month

of September, 1979, to Petitioner and her children. We affirm DPW's order.

In August, 1979, Petitioner and her children received food stamps as members of a household headed by Petitioner's husband. On September 5, 1979, Petitioner and her children left the household of Petitioner's husband and established separate living quarters. Petitioner reported her changed circumstances to the local board of assistance and applied for food stamps as a member of a new household consisting of Petitioner and Petitioner's children. Beginning with October, 1979, Petitioner was authorized to receive food stamps as a member of a new household. However, DPW denied Petitioner's entitlement to food stamps for September, 1979, since DPW had issued September, 1979, food stamps to Petitioner's husband as the authorized purchase payment name for a household which then included Petitioner's husband, Petitioner, and Petitioner's children.

Petitioner alleges that in September, 1979, she and her children comprised a "household" for purposes of the food stamp program.[1] As used in the stamp program, the term "household" denotes a group of individuals who live together and who purchase and prepare food to be shared at home. 7 U.S.C. §2012 (i)(2) (1979); 55 Pa. Code §505.2. Therefore, at the beginning of September, 1979, while living with Petitioner's husband, Petitioner and her children were members of the household headed by Petitioner's husband. During the period of cohabitation, Petitioner as the spouse of a household member could not be accorded separate household status. 7 C.F.R. §273.1(a) (1979); 55 Pa. Code §505.2.

---

[1] The Food Stamp Act of 1964, Act of August 31, 1964, P.L. 88-525 (7 U,S.C. §2011 *et seq.*), 78 Stat. 703, *as amended by* Act of September 29, 1977, P.L. 95-113, 91 Stat. 958.

Assuming, *arguendo,* that on September 5, 1979, Petitioner and her children qualified as a distinct household by establishing separate living quarters, Petitioner and her children were still not entitled to food stamps for September, 1979, because of their dual household membership for the month of September, 1979. "No individual may participate as a member of more than one household . . . in any month." 7 C.F.R. §273.3 (1979); 55 Pa. Code §515.3. Since Petitioner and her children were issued September, 1979, stamps as members of the household headed by Petitioner's husband, they were not entitled to receive additional September, 1979, stamps as members of a second household.

Citing 7 C.F.R. §273.11(f) (1979) and 55 Pa. Code §527.3(g) which mandate the replacement of stolen food stamps, Petitioner also contends that she and her children should receive stamps for September, 1979, because the stamps allotted to Petitioner and her children were wrongfully converted by Petitioner's husband to his exclusive use.

However, 7 C.F.R. §273.11(f) (1979) and 55 Pa. Code §527.3(g) specifically state that the replacement of stolen food stamps may be requested by a "household." Since in September, 1979, Petitioner's husband was the authorized payment name for a food stamp household consisting of Petitioner's husband, Petitioner, and Petitioner's children, the September, 1979, food stamps were not stolen from the household, but rather, were used by an authorized member of the household. Thus, Petitioner's recourse, if any, is not against DPW which correctly issued food stamps to a designated household payee.

Therefore, we affirm DPW's order and enter the following

### ORDER

AND Now, February 23, 1981, the order of the Hearing and Appeals Unit of the Department of Public Welfare, dated December 11, 1979, is affirmed.